DRUMMOND and others *v.* VENABLE and others.[1]

*(Circuit Court, N. D. Illinois.* November 9, 1885.)

1. PATENTS FOR INVENTIONS—WANT OF NOVELTY.

A claim reading: "As a new article of manufacture, a plug of tobacco one or both faces of which are marked off by indented lines, which serve to secure the wrapper to the filling, and also as guides for cutting up the plug into small pieces of definite size and weight,"—is void for want of novelty, in view of the fact that it was common, prior to the date of the alleged invention, to mark cakes, candies, chocolate, etc., with indented lines to indicate measured quantities.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

2. SAME—INCIDENTAL UTILITY.

     A feature of utility which is merely incidental to the main purpose of the invention is not, of itself, sufficient to sustain a claim, where it is shown that the main purpose has been accomplished prior to the date of the alleged invention.

3. SAME—PARTICULAR PATENT.

     Patent No. 200,133, of February 12, 1878, to James Drummond, for an improvement in marking plug tobacco, is void for want of novelty.

In Equity.

*Coburn & Thacher*, for complainants.

*Offield & Towle*, for defendants.

BLODGETT, J. This is a suit for infringement of patent No. 200,-133, issued February 12, 1878, to James T. Drummond, for "an improvement in marking plug tobacco." The patentee in his specifications says:

"The object of my invention is to mark plug tobacco in such a manner that the retail dealer can cut the lump into smaller plugs, or pieces of equal and definite sizes, and at the same time the wrapper will be secured to the filling by means of the marks or indentations.

"My invention consists in making the plug of tobacco with a series of indented lines upon its face or faces, which are arranged so as to space off the surface of the plug into subdivisions of uniform and definite size and weight, whereby they become guides in cutting up the plug for retail sales, and which also serve to more firmly secure the wrapper to the filling, so as to prevent the starting of the former from the latter. It is customary in the manufacture of tobacco to make plugs that weigh one pound. Plug tobacco is mostly retailed in pieces of one or two ounces in weight. It is more expensive to make up small plugs of these sizes, and consequently it is desirable to manufacture tobacco in large lumps, and let the retailer cut them up as he sells them. But the seller experiences great inconvenience in cutting the plugs into pieces of just the desired quantity; hence guides are desirable to enable the dealer to cut from a large plug exactly an ounce, or two ounces, or any definite quantity, consisting of the unit of sale, or some multiple thereof. * * * Should any other unit of sale be adopted, or should the plug be of different size, the size of the subdivisions should be varied correspondingly; but the marks are always placed so as to serve as accurate guides in cutting up the large lump. The lines may also be made in each face of the plug, and in fact this is desirable in securing the additional function of the indentations hereinafter specified."

The claim of the patent is:

"As a new article of manufacture, a plug of tobacco, one or both faces of which are marked off by indented lines, which serve to secure the wrapper to the filling, and also as guides for cutting up the plug into small pieces of definite size and weight, substantially as and for the purpose set forth."

The defendant makes tobacco plugs of the same size and general appearance as the complainants, with creases stamped or impressed upon the face of the plug at uniform distances from each other, so that these creases serve as guides in cutting up the plug in measured parts for retailing. The defenses are (1) the want of novelty; and (2) that the defendants do not infringe.

Much of the testimony put into the record bears upon the question whether the complainant was or was not the first to invent and man-

ufacture tobacco plugs marked with indentations to serve as guides for cutting the plug into measured quantities. This testimony is conflicting and contradictory, and, did I feel compelled to dispose of the case upon it, would require careful analysis and criticism; but I am satisfied from the proof that there is nothing new in this device. The proof shows that cakes had been made by bakers for many years before the alleged date of this invention, marked off with indented lines to show how to cut the same in measured quantities or pieces for retail. The same practice had been adopted in the manufacture of chocolate, for the purpose of dividing it into measured pieces for retail; and also in the manufacture of candies. I take it, very few men who are as old as I am, and whose early experience was in the eastern states, will fail to remember the gingerbread peddler, with his cards of gingerbread lined off in spaces where he was in the habit of breaking or cutting it off for the purpose of retailing it to the boys around his stand; and with this fact in remembrance it seems to me it could hardly be invention to simply mark a plug of tobacco so it could be cut off in equal and measured quantities.

The record also shows a patent issued to James Spratt, February 24, 1874, for an "improvement in pressing teas for use," which consisted in pressing the tea leaves into a solid cake with indentations, so that the quantity needed for use at one time could be readily broken off. After this device had been applied to different kinds of goods so as to indicate measured quantities, there could hardly be any invention in applying it to tobacco. But it is claimed there is an element of utility in these indentations, as applied to tobacco plugs, because it is said they serve to fasten the wrapper more firmly to the plug. The proof shows this claim of utility is, at least, doubtful; but even if fully supported by the proof, it is manifestly incidental, and is not the main purpose of the indentation.

I therefore feel compelled to hold this patent void, for want of novelty, and shall dismiss the bill for want of equity.