## In re FISCHER. *
### Patent Appeal No. 2629.

Court of Customs and Patent Appeals.
March 25, 1931.

LENROOT, Associate Judge, dissenting.

*Rehearing denied April 29, 1931.

Albert F. Robinson, of Chicago, Ill., and James P. Burns, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant appeals from a decision of the Board of Appeals of the United States Patent Office, affirming the action of the Examiner in rejecting claims 16 to 19, inclusive, of appellant's application.

Claim 16 is illustrative of the claims in issue, and reads as follows:

"16. Roofing units comprising a foundation strip provided on its upper surface with suitably spaced vertical and horizontal guide lines to form a pattern-chart for facilitating the laying and securing of shingles and a group of individual shingles attached to said strip as indicated by the pattern-chart."

The references cited are: Warren, 175,-532, March 28, 1876; Rahr, 1,340,348, May 18, 1920.

The decision of the Board of Appeals is brief, and reads as follows:

"This application relates to a roof covering in which each row of shingles is placed upon a foundation strip. The foundation strip has marks placed thereon to facilitate the placing of the shingles.

"The patent to Warren shows an identical arrangement of shingles and foundation strips but the foundation strips are not marked. While marks are desirable and convenient in positioning objects, we do not consider that their use involves more than mechanical skill. We therefore concur in the opinion of the examiner that it does not involve invention to provide markings on the foundation fabric of Warren."

The decision of the Examiner is affirmed.

Appellant concedes that the only question of patentability is whether the marking of the foundation strips to facilitate the placing of the shingles constitutes invention. As stated in the decision quoted, the patent to Warren does not show such marking of the foundation sheet.

In the Rahr specifications it is said:

"The present invention has for its object so to form the shingles as to insure their being laid in proper relation by unskilled workmen, and also to insure the contact of each shingle, bridging a gap or space, with the shingle therebeneath."

Certain unsurfaced marginal strips are then described, and the specifications continue:

"These unsurfaced strips extend from the upper edge of the shingle to a transverse line which may, for example, be located about four inches (more or less) from the lower edge of the shingle. * * * The width of the strips determines the extent to which each shingle is laterally overlapped by the contiguous shingles of the superimposed horizontal row, and the length of the strips determines the extent to which the shingles of each row project below the shingles of said superimposed horizontal row."

Rahr's claim No. 2 refers to a "transverse line," and sets out an arrangement " * * * in which asphalt coating is exposed to be overlapped by the corners of contiguous shingles."

The patent to Rahr was not discussed by the Board in its decision, and, apparently, was not relied on by it as a reference. It does not anticipate the precise arrangement called for by appellant, but does clearly suggest the idea of a pattern line and discloses a means of providing same.

The case seems really to have been determined by both of the Patent Office tribunals, in so far as the line or pattern feature is concerned, upon the theory that appellant's markings upon the foundation sheet involve mere mechanical skill and do not constitute invention.

Appellant has presented another question.

It was made of record in this case, the matter having been presented to both tribunals of the Patent Office, that on May 1, 1928, a patent was issued to one Faison, No. 1,668,269, upon an application filed April 20, 1925, for a claimed invention which is alleged to be practically identical with that claimed by appellant. Faison's application was filed subsequent to that of appellant; the latter's filing date being January 15, 1921. The final rejection by the Examiner of appellant's appealed claims was on February 25, 1928; the affirmation thereof by the Board of Appeals was on July 5, 1929.

Since the applications were copending in the Patent Office, it would seem that, if the Faison claims were there regarded as patentable, an interference between Faison and appellant should have been declared and the issue of priority determined. Why this was not done the record does not disclose. That

issue is, of course, not before us for determination.

It is, however, argued that we may and should consider the Faison patent upon the question of the patentability of appellant's claims in this respect, viz., that the granting thereof demonstrates a lack of concurring thought on the part of different tribunals of the Patent Office upon the subject-matter, and that, therefore, the usual rule of practice in this court of not disturbing findings of fact agreed upon by all the tribunals of the Patent Office, unless manifestly wrong, is not made applicable here simply by reason of the concurrence by those who respectively passed only upon the application of appellant.

The insistence is that, since there was a grant to Faison, by an Examiner, upon subject-matter alleged to be almost identical with that of appellant, this is at least sufficient to create doubt, not to say more, upon appellant's application, and that this doubt should be resolved in appellant's favor.

█ To this insistence we are unable to agree. Faison's right to a patent is in no way involved here. There was never any action upon it by the Board of Appeals, so far as the record in this case discloses, and there is no reference to it in the decisions of either the Examiner or the Board in this case.

The question with which we are concerned is whether invention is present in appellant's device, and this we must determine without considering whether invention was present in that of Faison.

If there was error in the issue to Faison and his patent is invalid (as to which we have no concern in his proceeding), that constitutes no reason why another error should be committed by issuing another invalid patent. In re De Lany, 46 F.(2d) 370, 18 C. C. P. A. ——; In re Engelhardt, 40 F.(2d) 760, 17 C. C. P. A. 1244.

If, on the other hand, the Faison patent is a valid one, then, as has been intimated heretofore, it would seem that there should have been an interference declared between the parties at some time during the proceedings, but the, possible unfortunate, situation created by the failure to declare such an interference cannot be remedied in this proceeding, nor are we at liberty to help solve the problem by granting patent to appellant, unless we are convinced that he has patentable matter or that, at least, there exists sufficiently substantial doubt to justify the application of the rule of doubt.

█ A careful examination of appellant's appealed claims fails to convince us that he has produced a patentable article.

Independent of the references, it must be old in the building art to mark shingles and roofing material with lines to indicate the point to which the ends of the respective covers are to extend as they are applied to the roof. A familiar method of doing this, of which there is common knowledge, is that of stretching taut a line which has been chalked, flexing it and snapping it upon the last laid course of shingles, thus making a mark to indicate the line to which the lower end of the succeeding course is to extend. Sometimes such a line may be drawn with pencil, or lines are marked upon the roofing foundation.

In applying weather-boarding to the walls of a structure the carpenter not infrequently, after having attached one piece, draws a line upon it to fix the point of overlap for the succeeding piece.

It is doubtless a great convenience, and is useful, to have the shingles themselves, or the foundation, so marked at the time of manufacture, or before the time of using them or it, as that a pattern will be supplied for their application, but we are unable to see patentable novelty in an article simply because it is so marked for that purpose. Drummond et al. v. Venable et al. (C. C.) 26 F. 243, is in point.

As stated by the board, Warren shows all that appellant shows except the marking. Rahr suggests lines and a certain method of forming them, but even without this suggestion invention is lacking.

We find no error in the conclusion reached by the Board of Appeals, and its decision is affirmed.

Affirmed.

LENROOT, Associate Judge.

I am compelled to dissent from the conclusion reached by the majority in this case because I feel that whether appellant's disclosure constitutes invention or involves purely mechanical skill is so doubtful as to call for the application of the rule that, in case of doubt as to patentability, such doubt must be resolved in favor of the applicant.

This is not a case of concurring decisions of the expert tribunals of the Patent Office, holding that there is no invention, because it appears from the record that while appellant's application was pending a patent upon

substantially the same invention was issued to one Faison, No. 1,668,269. This patent was brought to the attention of both the Examiner and the Board of Appeals, but neither made any reference to it in their decisions.

The majority opinion discusses the Rahr reference, which was for an invention relating to the form of shingles so as to insure their being laid in proper relation by unskilled workmen. The specification of the Rahr reference discloses nothing with regard to the horizontal line, which is one of the elements of appellant's disclosure, and it has nothing to do with marking foundation sheets or the boards of the roof itself. I am unable to see how this reference is in any way applicable.

The majority opinion calls attention to the fact that it is old to stretch upon a roof a line which has been chalked, flex it and snap it, thus making a mark to indicate the line to which the lower end of the succeeding course of shingles is to extend, and also calls attention to the fact that in applying weather boarding to the walls of a structure the carpenter not infrequently, after having attached one piece, draws a line upon it to fix the point of overlap for the succeeding piece. Instead of this well-known practice being any evidence of want of invention upon the part of appellant, it is, to my mind, exactly the contrary. Foundation sheets to be laid upon a roof have been known, according to the record, for at least forty-five years. If for forty-five years carpenters have been following the old method of making a chalk line upon the foundation sheets or boards of a roof, involving labor and expense, and during all that period no one has conceived appellant's method, which avoids such labor and expense, it is some evidence, to my mind, that what appellant did involved more than merely mechanical skill. His invention not only does away with the necessity of using the old line, but it also secures accurate vertical spacing.

Considering the fact that appellant appears to have made a substantial contribution to the art of laying roofs, and that one tribunal of the Patent Office has held a similar claim to be patentable upon a copending application upon the same state of facts as are here in issue, I believe that sufficient doubt as to want of invention exists to require, as heretofore stated, the application of the rule that doubt must be resolved in favor of the applicant.

In my opinion, the decision of the Board of Appeals should be reversed.